## UNITED STATES DISTRICT COURT FOR

## THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

|  |  |  |
|---|---|---|
| CHI ZHANG | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | **Case No. 1:23-cv-00481-MSN-LRV** |
| | ) | |
| ONESOURCE CLOUD CORPORATION | ) | |
| D/B/A CDS GLOBAL CLOUD | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

**COMES NOW**, in accordance with the parties' agreement and scheduling order (Dkt. No. 10 at p. 3; Dkt. No. 13 at ¶ 1), Defendant ONESOURCE CLOUD CORPORATION (the "Defendant"), by and through the undersigned Counsel, hereby submits its Second Amended Answer, Affirmative Defenses and Counterclaims to Plaintiff's Complaint respectfully states as follows:

1. Paragraph No. 1 is denied as phrased and the Defendant demands strict proof thereof.

2. Paragraph No. 2 is denied as phrased and the Defendant demands strict proof thereof.

3. Paragraph No. 3 is denied as phrased and the Defendant demands strict proof thereof.

4. Paragraph No. 4 is denied as phrased and the Defendant demands strict proof thereof.

5. Paragraph No. 5 is denied as phrased and the Defendant demands strict proof thereof.

6. Paragraph No. 6 is denied as phrased and the Defendant demands strict proof thereof.

7.  Paragraph No. 7 is not applicable because the case is now removed to United States District Court for the Eastern District Court of Virginia.

8.  Defendant agrees to the choice of law contained in Paragraph No. 8.

9.  The Defendant has insufficient knowledge or information to admit or deny the allegations "Plaintiff Chi Zhang is a highly skilled business executive with over two decades of experience in the telecommunications and technology industry "contained in Paragraph No. 9, and therefore denies.  The rest allegations contained in Paragraph 9 are hereby denied and phrased and Defendant demands strict proof thereof.

10. Paragraph No. 10 is denied as phrased and the Defendant demands strict proof thereof.

## FACTUAL ALLEGATIONS

### I.    BACKGROUND

11. Paragraph No. 11 is denied as phrased and the Defendant demands strict proof thereof.

12. Paragraph No. 12 is denied as phrased and the Defendant demands strict proof thereof.

13. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 13, and therefore denies.

14. Defendant has insufficient knowledge or information to admit or deny the allegations contained in Paragraph 14, and therefore denies.

15. Paragraph No. 15 is denied as phrased and the Defendant demands strict proof thereof.

### II. THE PARTIES' AGREEMENT

16. Paragraph No. 16 is denied as phrased and the Defendant demands strict proof thereof.

17. Paragraph No. 17 is denied as phrased and the Defendant demands strict proof thereof.

18. Paragraph No. 18 is denied as phrased and the Defendant demands strict proof thereof.

19. Paragraph No. 19 is denied as phrased and the Defendant demands strict proof thereof.

20. Paragraph No. 20 is denied as phrased and the Defendant demands strict proof thereof.

21. Paragraph No. 21 is denied as phrased and the Defendant demands strict proof thereof.

22. Paragraph No. 22 is denied as phrased and the Defendant demands strict proof thereof.

23. Paragraph No. 23 is denied as phrased and the Defendant demands strict proof thereof.

24. Paragraph No. 24 is denied as phrased and the Defendant demands strict proof thereof.

25. Paragraph No. 25 is denied as phrased and the Defendant demands strict proof thereof.

## III. THE PARTIES' AGREEMENT

26. Paragraph No. 26 is denied as phrased and the Defendant demands strict proof thereof.

27. Paragraph No. 27 is denied as phrased and the Defendant demands strict proof thereof.

28. Paragraph No. 28 is denied as phrased and the Defendant demands strict proof thereof.

29. Paragraph No. 29 is denied as phrased and the Defendant demands strict proof thereof.

30. Paragraph No. 30 is denied as phrased and the Defendant demands strict proof thereof.

31. Paragraph No. 31 is denied as phrased and the Defendant demands strict proof thereof.

32. Paragraph No. 32, a copy of pay stub attached, speaks for itself.  In all other respects, Paragraph No. 32 is denied as phrased and the Defendant demands strict proof thereof.

33. Paragraph No. 33 is denied as phrased and the Defendant demands strict proof thereof.

34. Paragraph No. 34 is denied as phrased and the Defendant demands strict proof thereof.

35. Paragraph No. 35 is denied as phrased and the Defendant demands strict proof thereof.

36. Paragraph No. 36 is denied as phrased and the Defendant demands strict proof thereof.

37. Paragraph No. 37 is denied as phrased and the Defendant demands strict proof thereof.

38. Paragraph No. 38 is denied as phrased and the Defendant demands strict proof thereof.

39. Paragraph No. 39 is denied as phrased and the Defendant demands strict proof thereof.

40. Paragraph No. 40 is denied as phrased and the Defendant demands strict proof thereof.

41. Paragraph No. 41 is denied as phrased and the Defendant demands strict proof thereof.

## COUNT I
## BREACH OF CONTRACT

42. Paragraphs No. 1 to No. 42 are incorporated herein by reference as though fully repeated.

43. Paragraph No. 43 is denied as phrased and the Defendant demands strict proof thereof.

44. Paragraph No. 44 is denied as phrased and the Defendant demands strict proof thereof.

45. Paragraph No. 45 is denied as phrased and the Defendant demands strict proof thereof.

46. Paragraph No. 46 is denied as phrased and the Defendant demands strict proof thereof.

47. Paragraph No. 47 is denied as phrased and the Defendant demands strict proof thereof.

## COUNT II
## VIOLATION OF NEW JERSEY WAGE PAYMENT LAW
## N.J. Stat. §§34:11-4.1 to 34.11-4.14

48. Paragraphs No. 1 to No. 48 are incorporated herein by reference as though fully repeated.

49. Paragraph No. 49 is denied as phrased and the Defendant demands strict proof thereof.

50. Paragraph No. 50, the quoting of statute, speaks for itself.  All other allegations contained in Paragraph No. 50 are denied as phrased and the Defendant demands strict proof thereof.

51. Paragraph No. 51, the quoting of statute, speaks for itself.  Paragraph No. 51 is neither admitted or denied by Defendant.

52. Paragraph No. 52 is denied as phrased and the Defendant demands strict proof thereof.

53. Paragraph No. 53 is denied as phrased and the Defendant demands strict proof thereof.

## PAYER FOR RELIEF

Defendant hereby respectfully requests this honorable court deny Plaintiff's Payer for Relief and award Defendant all costs and fees incurred in defending this matter, including the attorney's fees and for such other and further relief as this honorable court may deem just and appropriate.

## JURY DEMANDS

Defendant hereby demands a jury trial.

## AFFIRMATIVE DEFENSES

1. Paragraphs No. 1 to No. 53 are incorporated herein by reference as though fully repeated.

2. The Complaint fails to state a claim upon which relief may be granted.

3. The Plaintiff breached the contract himself, and Plaintiff is barred from claiming any damages.

4. The Plaintiff fraudulently induced Defendant into the contract, and therefore the contract is rescinded, and Plaintiff is barred from claiming any damages.

5. To the extent that the Plaintiff failed to mitigate, minimize or avoid any losses Plaintiff allegedly has sustained, any recovery the Plaintiff obtains must be reduced by that amount.

6. The Plaintiff may not recover as it did not justifiable rely on any of the statements, acts or omissions, if any, of the Defendant. The contract that Plaintiff and Defendant entered into was by either a mutual or a unilateral mistake. Therefore the contract should be rescinded, and Plaintiff is barred from claiming any damages.

7.  Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

8.  Any and all allegations contained herein with the Plaintiff's Complaint are not expressly admitted are hereby denied.

9.  The Defendant reserves the right to arise additional affirmative defenses revealed in and by any discovery taken into the action.

WHEREFORE, having fully respond to the Plaintiff's Complaint, the Defendant respectfully requests the Plaintiff's Complaint be dismissed with prejudice, including any claims for attorney's fees and interest as provided by law assessed against the Defendant, and the Defendant be granted all costs and fees incurred in defending this matter, including the attorney's fees and for such other and further relief as this honorable court may deem just and appropriate.

## COUNTERCLAIM-PLAINTIFF'S COUNTERCLAIMS

Defendant/Counterclaim-Plaintiff ONESOURCE CLOUD CORPORATION ("ONESOURCE") brings the following Counterclaims against Plaintiff/Counterclaim-Defendant Chi Zhang ("Zhang") pursuant to Rule 13 of the Federal Rules of Civil Procedure, and alleges as follows:

## THE PARTIES

1.  ONESOURCE is corporation organized under the law of the State of Texas.

2.  On information and belief, Zhang is an individual who currently resides in the United States.

## JURISDICTION AND VENUE

3.      These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., and Texas common law. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338 in combination with 28 U.S.C. § 1367.

4.      Zhang has voluntarily submitted to the personal jurisdiction of the State of Virginia, and thereafter the United States District Court, Eastern District of Virginia, by virtue of, inter alia, his bringing this present action in the Commonwealth of Virginia, Arlington Circuit Court (Civil Division). Zhang is subject to personal jurisdiction in this judicial district for the purposes of these Counterclaims.

5.      According to the Complaint, venue is proper in this judicial district. ONESOURCE contests that this venue is a convenient forum for this action.

6.      Jurisdiction and venue are also appropriate in this case as Zhang and ONESOURCE mutually agreed.

## **BACKGROUND**

7.      In his Complaint, Zhang asserted that ONESOURCE breached the employment contract between Zhang and ONESOURCE on September 7, 2022. Zhang's employment was terminated on January 30, 2023.

8.      Zhang also claimed that the employment contract was for a three-year term of employment.

## **Counterclaim I – Declaratory Judgment**

9.      ONESOURCE incorporates by reference the allegations set forth in the preceding paragraphs.

10.     The employment contract between Zhang and ONESOURCE is not a term contract.

11.     On the contrary, as the contract sets, ONESOURCE could terminate Zhang's employment "at any time."

12.     Therefore, it is an "at-will" contract under Texas law.

13.     An actual and justiciable controversy exists between Zhang and ONESOURCE regarding the nature of the employment contract between them, evidenced by this action.

14.     Pursuant to the Federal Declaratory Judgment Act, ONESOURCE respectfully requests a declaration by this Court that the employment contract between Zhang and ONESOURCE is at-will, and therefore ONESOURCE can terminate Zhang with or without cause.

## Counterclaim II – Breach of Contract

15.     ONESOURCE incorporates by reference the allegations set forth in the preceding paragraphs.

16.     Zhang was hired as ONESOURCE's vice president of the Oversea Business Unit and president of its North America office of the Oversea Business Unit. At this position, Zhang is tasked to develop business opportunities to "benefit the Company on the long term growth." Zhang also agrees that "his continued employment with [ONESOURCE], …, is contingent upon his successful performance of his duties in his position."

17.     The employment contract between Zhang and ONESOURCE requires Zhang "shall render to the very best of [his] ability, on behalf of [ONESOURCE], services to and on behalf of [ONESOURCE], and shall undertake diligently all duties assigned to [Zhang] by [ONESOURCE].

18.     The employment contract between Zhang and ONESOURCE further requires Zhang "shall devote his full time, energy and skill to the performance of the services in which [ONESOURCE] is engaged, at such time and place as [ONESOURCE] may direct."

19.    The employment contract between Zhang and ONESOURCE also requires Zhang "shall faithfully and industriously assume and perform with skill, care, diligence and attention all responsibilities and duties connected with his employment on behalf of [ONESOURCE]."

20.    ONESOURCE consistently performed its obligations to Zhang by promptly paying the agreed-upon salaries from the time of Zhang's hiring until the termination.

21.    Zhang materially breached the employment contract between him and ONESOURCE by failing to perform his duties and obligations as numerated through ¶¶ 17-19 above.

22.    ONESOURCE has sustained damages because of Zhang's material breach, including but not limited to the salaries that ONESOURCE paid to Zhang.

23.    Zhang's breach entitles ONESOURCE an award of its attorneys' fees incurred in connection with this action pursuant to Tex. Civ. Prac. & Rem. Code § 38.001(b)(8).

## DEMAND FOR JURY TRIAL

ONESOURCE demands a jury trial, pursuant to Fed. R. Civ. P. 38(b), on all issues that may be tried to a jury.

## PRAYER FOR RELIEF

WHEREFORE, ONESOURCE requests that the Court enter a judgment:

   a. Against Zhang and in favor of ONESOURCE;

   b. Dismissing Zhang's Complaint in its entirety with prejudice, and adjudging that Zhang is entitled to no relief whatsoever from ONESOURCE;

   c. Declaring that the employment contract between Zhang and ONESOURCE is "at-will," and ONESOURCE can terminate Zhang with or without cause;

   d. Adjudging that Zhang takes nothing by its Complaint;

e.  Adjudging that Zhang breached the employment contract between Zhang and ONESOURCE;

f.  Damages for ONESOURCE and against Zhang based on his breach;

g.  Pursuant to Tex. Civ. Prac. & Rem. Code § 38.001(b)(8) and/or other applicable laws, awarding ONESOURCE its attorneys' fees and costs in connection with this action; and

h.  Awarding ONESOURCE such other relief as the Court may deem appropriate.

Respectfully submitted,

/s/ *Steven War*_____
Steven War
VA Bar # 45048
War IP Law PLLC
5335 Wisconsin Ave, N.W. Suite 440
Washington, D.C. 20015
Tel: (202) 800-3751
Fax: (202) 318-1490
Email: steve@wariplaw.com

Timothy T. Wang (*pro hac vice*)
TX Bar No. 24067927
Tong Jin (*pro hac vice*)
TX Bar No. 24110051
**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill, Ste. 615
Dallas, TX 75231
Telephone: (972) 331-4600
Fax: (972) 314-0900
twang@nilawfirm.com
tjin@nilawfirm.com
*Counsel for ONESOURCE*

## CERTIFICATE OF SERVICE

I, Steven War, Esq., Counsel for the Defendant, ONESOURCE CLOUD CORPORATION and, hereby certify that on August 11, 2023, a true copy of the foregoing document was email to

Jason R. Brose
Combs & Taylor LLP
2101 L Street NW, Suite 300
Washington, DC 20037
Phone:202-448-1008
Fax:202-466-0502
Email: Jason.brost@combstaylor.com

Samuel J. Buffone Jr.
Michael DeJesus
Black & Buffone PLLC
1400 Eye St. NW, Suite 200
Washington, D.C. 20005
Phone:202-997-8562
Email: sam@balckandbuffone.com; michael@blackandbuffone.com

*Attorneys for ONESOURCE*

/s/ Steven War
Steven War, Esq.
*Counsel for Defendant*